**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

RECEIVED
2006 JUN 26 A 10: 37
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**UNITED STATES FIDELITY & GUARANTY COMPANY and ARCH INSURANCE COMPANY**

**Plaintiffs**

**vs.** ) **CASE NO.** 1:06cv571-VPM

**TOMMY MORGAN**

**Defendant.**

## COMPLAINT FOR DECLARATORY JUDGMENT

1. Plaintiff United States Fidelity & Guaranty Company (hereinafter "USF&G") is a corporation organized and existing under the laws of the state of Maryland and maintaining its principal place of business in St. Paul, Minnesota.

2. Plaintiff Arch Insurance Company (hereinafter "ARCH") is a corporation organized and exists under the laws of the state of Missouri and maintains its principal place of business in Kansas City, Missouri.

3. Tommy Morgan is an individual, over the age of 19 years, and was at all times material hereto a resident of the State of Alabama, was an employee of Environmental Security of Dothan, Inc., but is now a resident of the State of Florida who continues to do business in Alabama and can be served at 124 North Highway 71, Wewahitchka, Florida 32465.

This matter was originally filed in Case No. 1:04CV605-M. After unsuccessful attempts to serve Morgan with process, this Court issued its Order dated January 10, 2006 dismissing the matter without prejudice to allow Plaintiffs the opportunity to refile once Mr. Morgan was located.

4. Claimants Franklin Koontz and Shirley Koontz filed their Amended Complaint

against Tommy Morgan on June 10, 2003 in the Circuit Court of Houston County, Alabama, Case No. CV03-56A alleging breach of contract, fraud and misrepresentation, fraudulent suppression, negligence, fraudulent misrepresentation and suppression, deceptive and unfair trade practices.

Claimants Matthew Fisher and Mandy Fisher filed their Amended Complaint against Tommy Morgan on June 10, 2003 in the Circuit Court of Houston County, Alabama, Case No. CV03-033A alleging breach of contract, fraud and misrepresentation, fraudulent suppression, negligence, fraudulent misrepresentation and suppression, deceptive and unfair trade practices.

Claimant Karen Godfrey filed her Amended Complaint against Tommy Morgan on June 10, 2003 in the Circuit Court of Houston County, Alabama, Case No. CV03-107 alleging breach of contract, fraud and misrepresentation, fraudulent suppression, negligence, fraudulent misrepresentation and suppression, deceptive and unfair trade practices.

Claimant Imogene Knight filed her Amended Complaint against Tommy Morgan on June 10, 2003 in the Circuit Court of Houston County, Alabama, Case No. CV03-034A alleging breach of contract, fraud and misrepresentation, fraudulent suppression, negligence, fraudulent misrepresentation and suppression, deceptive and unfair trade practices.

Claimant Gary Manz filed his Amended Complaint against Tommy Morgan on June 10, 2003 in the Circuit Court of Houston County, Alabama, Case No. 03-035A alleging breach of contract, fraud and misrepresentation, fraudulent suppression, negligence, fraudulent misrepresentation and suppression, deceptive and unfair trade practices.

**JURISDICTION AND VENUE**

5. This is a civil action seeking a declaratory judgment brought under the provisions of 28 U.S.C. § 2201. The Court has jurisdiction of this action under the provision of 28 U.S.C. §

1332 because the matter in controversy exceeds the sum or value of $50,000.00, exclusive of interest or costs, and is between citizens of different states. Venue is proper in the United States District Court for the Middle District of Alabama under 28 U.S.C. § 1391 because the claimants, Franklin Koontz, Shirley Koontz, Matthew Fisher, Mandy Fisher, Karen Godfrey, Imogene Knight and Gary Manz, reside in this judicial district; Defendant Tommy Morgan has and continues to do business in this judicial district and is licensed through the Alabama Department of Agriculture; all witnesses are located within this judicial district; a substantial part of the events giving rise to the claim occurred in this district; and, the Defendant is subject to personal jurisdiction in this district. Further, although Defendant Tommy Morgan continues to do business in the State of Alabama, Mr. Morgan resides, at least partly, in the State of Florida and has evaded service of process when this matter was originally filed in Case No. 1:04CV605-M. This Court issued its Order dismissing the matter without prejudice to allow the Plaintiffs an opportunity to refile this matter once Mr. Morgan was located. He has now been located.

**CLAIMS GIVING RISE TO CAUSE OF ACTION FOR DECLARATORY RELIEF**

6. On or about December 7, 2001, USF&G, an insurer, insured on behalf of Environmental Security of Dothan Inc., a certain commercial general liability policy, No. #D067L01062, in effect for the period of 12/07/01 to 12/07/02. A copy of the insurance policy is attached hereto as Exhibit "A" and is incorporated herein by reference as if the same were set for *in extenso*.

7. On or about December 7, 2001, USF&G, an insurer, insured on behalf of Environmental Security of Dothan Inc., a certain commercial general liability policy, No. #DRE3748400, in effect for the period of 12/07/00 to 12/07/01. A copy of the insurance policy is

attached hereto as Exhibit "B" and is incorporated herein by reference as if the same were set for *in extenso*.

8. On or about December 7, 2001, USF&G, an insurer, insured on behalf of Killingsworth Services Inc., a certain commercial general liability policy, No. #DRE2638900, in effect for the period of 09/15/00 to 09/15/01. A copy of the insurance policy is attached hereto as Exhibit "C" and is incorporated herein by reference as if the same were set for *in extenso*.

9. On or about December 7, 2001, USF&G, an insurer, insured on behalf of Killingsworth Services Inc., d/b/a/ Killingsworth Environmental a certain commercial general liability policy, No. #D067L60717, in effect for the period of 09/15/01 to 09/15/02. A copy of the insurance policy is attached hereto as Exhibit "D" and is incorporated herein by reference as if the same were set for *in extenso*.

10. On or about December 7, 2001, ARCH, an insurer, insured on behalf of Killingsworth Service Inc., a certain commercial general liability policy, No. #BPPKG00137, in effect for the period of 12/7/02 to 12/7/03. (See Exhibit "E").

11. On or about June 10, 2003, claimant Gary Manz filed an amended lawsuit against Environmental Security Inc., Killingsworth Environmental Inc., (a Florida Corporation), Killingsworth Environmental Inc., (a Alabama Corporation) and Tommy Morgan in the Circuit Court of Houston County Alabama, Case No. 03-035A, alleging causes of action for breach of contract, fraud-misrepresentation, fraudulent suppression, negligence, fraudulent misrepresentation and suppression, deceptive and unfair trade practices, and fraudulent suppression. The lawsuit purports to arise out of a contract between Manz and Environmental Security and/or Environmental Florida and/or Environmental Alabama and/or Tommy Morgan. A copy of said Amended Complaint

is attached hereto as Exhibit "F."

12. On or about June 10, 2003, claimants Matthew Fisher and Mandy Fisher filed an Amended Complaint against Environmental Security Inc., Killingsworth Environmental Inc., (Florida), Killingsworth Environmental Inc., (Alabama), and Tommy Morgan in the Circuit Court of Houston County Alabama, Case No. 03-033A, alleging causes of action for breach of contract, fraud-misrepresentation, fraudulent suppression, negligence, perceptive and unfair practices and fraudulent suppression. The lawsuit purports to arise out of a contract between Matthew Fisher and Mandy Fisher and Environmental Security and/or Environmental Florida and/or Environmental Alabama and/or Tommy Morgan.

13. On or about June 10, 2003, claimant Imogene Knight filed an Amended Complaint against Environmental Security Inc., Killingsworth Environmental Inc., (Florida), Killingsworth Environmental Inc., (Alabama), and Defendant Tommy Morgan in the Circuit Court of Houston County Alabama, Case No. 03-034A, alleging causes of action for breach of contract, fraud-misrepresentation, fraudulent suppression, negligence, perceptive and unfair practices and fraudulent suppression. The lawsuit purports to arise out of a contract between Imogene Knight and Environmental Security and/or Environmental Florida and/or Environmental Alabama and/or Tommy Morgan.

14. On or about June 10, 2003, claimant Karen Godfrey filed an Amended Complaint against Environmental Security Inc., Killingsworth Environmental Inc., (Florida), Killingsworth Environmental Inc., (Alabama), and Defendant Tommy Morgan in the Circuit Court of Houston County Alabama, Case No. 03-032A, alleging causes of action for breach of contract, fraud-misrepresentation, fraudulent suppression, negligence, perceptive and unfair practices and

fraudulent suppression. The lawsuit purports to arise out of a contract between Karen Godfrey and Environmental Security and/or Environmental Florida and/or Environmental Alabama and/or Tommy Morgan.

15. On or about June 10, 2003, claimant Franklin J. Koontz filed an Amended Complaint against Environmental Security Inc., Killingsworth Environmental Inc., (Florida), Killingsworth Environmental Inc., (Alabama), and Defendant Tommy Morgan in the Circuit Court of Houston County Alabama, Case No. 03-056A, alleging causes of action for breach of contract, fraud-misrepresentation, fraudulent suppression, negligence, perceptive and unfair practices and fraudulent suppression. The lawsuit purports to arise out of a contract between Franklin J. Koontz and Environmental Security and/or Environmental Florida and/or Environmental Alabama and/or Tommy Morgan.

16. An actual controversy has arisen among the parties regarding their respective rights and obligation under the insurance policies, and whether the policies provide coverage for the injuries alleged in the underlying actions.

17. USF&G and ARCH contend that there is no coverage under the policies in connection with the underlying action, that it has no duty to defend or indemnify (Environmental, Killingsworth, Morgan) and that it has no obligation in connection with any settlement or judgment that may be made as to any claims of the Defendant.

18. Plaintiffs contend that there is no coverage under the above referenced insurance policies for the following reasons:

A) Environmental Security and Killingsworth contend that all actions complained of by the Plaintiffs in the state court actions were performed by Tommy Morgan who was acting outside the line and scope of his employment, that Mr. Morgan is not "an insured" under either of the above

referenced policies.

B) The policy expressly precludes coverage for violation of law.

C) The policy expressly precludes coverage for intentional acts as alleged in the state court actions.

D) All of the allegations in the above referenced state court actions fall outside the scope of any insurance coverage issued by Plaintiffs.

E) The Plaintiffs have no duty to defend the insured, (or anyone claiming under the policies) against any "suit" seeking damages for "bodily injury" or property damage to which the insurances does not apply.

F) The insurance does not apply to any acts by employees that are not within the scope of their employment.

G) The insurance does not apply to any criminal acts by or of the direction of any "insured."

H) The insurance does not apply to damage any of the insured's violation of any state, federal, or local ordinance.

F) The insurance does not apply to liability assumed under a sidetrack agreement.

19. Plaintiffs are informed and believe, and on the basis of such information and belief alleges that claimants Gary Manz, Matthew Fisher, Mandy Fisher, Imogene Knight, Karen Godfrey and Franklin Koontz dispute Plaintiffs' contentions and that these specific individuals assert that Plaintiffs must defend and indemnify Killingsworth, Environmental, and Tommy Morgan, respectively against the claims of claimants Gary Manz, Matthew Fisher, Mandy Fisher, Imogene Knight, Karen Godfrey and Franklin Koontz.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs request that this Court:

1. Enter a judgment declaring the rights and obligations of each of the parties with regard to the dispute; and

2. Enter a judgment declaring that there is no coverage under the insurance

policies in connection with the claims of Franklin Koontz, Shirley Koontz, Matthew Fisher, Mandy Fisher, Karen Godfrey, Imogene Knight, and Gary E. Manz; and

3. Enter a judgment declaring that Plaintiffs have no obligation to defend or indemnify (Killingworth, Environmental, or Tommy Morgan) or any other person or entity in connection with the underlying action; and

4. Award Plaintiffs costs of this actions as to Tommy Morgan; and

5. Grant Plaintiffs any all other and further relief that this Court deems proper.

This 22 day of June, 2006.

**Gregory D. Crosslin (CRO044)**
**Attorney for Plaintiffs**

**OF COUNSEL:**
**THE LAW OFFICES OF**
**GREG D. CROSSLIN**
1008 Airport Road, Suite F
Destin, Florida 32541
Telephone: 850-650-7378
Facsimile: 850-650-3990