03-106

IN THE CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA

GARY E.MANZ,

Plaintiff,

vs. : CIVIL ACTION NO. 03-035 A

ENVIRONMENTAL SECURITY, INC., KILLINGSWORTH ENVIRONMENTAL, INC., a Florida corporation, KILLINGSWORTH ENVIRONMENTAL, INC., an Alabama corporation, TOMMY MORGAN and Fictitious Defendants A, B, C, and D, being further identified as those persons or entities supervising, affiliated with, employed by, or in any manner associated with any of the named defendants and who participated in, in any manner, whether through direct actions, inaction, or concealment, the fraud perpetrated upon the Plaintiffs herein.

Defendants.

## AMENDED COMPLAINT

Comes now the Plaintiff in the above styled cause and amends the complaint as heretofore filed herein to add as an additional party Defendant, Killingsworth Environmental, Inc., an Alabama corporation with its principal offices located at 1166A S. Beltline Highway, Mobile, Alabama, and to add Count XV as to Defendant Tommy Morgan and with respect to the said Defendants asserts the claims as set forth in this amended statement of Plaintiffs' claims:

## PARTIES

1. **Plaintiff**: Gary E. Manz (hereinafter "Plaintiff") is an adult resident citizen of Dothan, Houston County, Alabama, who currently own and occupy the residence located at 132 Princeton Drive, Dothan, Alabama. Plaintiff contracted with Environmental Security and/or

EXHIBIT

F

Killingsworth Environmental for the performance of an initial, pre-construction treatment of their home for the prevention of infestation and damage from subterranean termites, within the guidelines and requirements of the laws and regulations of the State of Alabama and in compliance with the label directions of the chemical selected and utilized by Environmental Security and/or Killingsworth Environmental.

2. **Named Defendants**:

(A) Tommy Morgan is an individual and was at all times material hereto a resident of the State of Alabama and an employee of Environmental Security, Inc.

(B) Environmental Security, Inc., ( hereinafter "Environmental") is an Alabama corporation doing business in the State of Alabama with offices in Dothan, Alabama, and was, at all times mentioned herein, conducting business as or in conjunction with Killingsworth Environmental, Inc., in Dothan, Houston County, Alabama.

(C) Killingsworth Environmental, Inc., (hereinafter "Killingsworth-Fla") is Florida corporation doing business in the State of Alabama with offices in Dothan, Alabama, and was, at all times mentioned herein, conducting business as or in conjunction with Environmental Security, Inc., in Dothan, Houston County, Alabama.

(D) Killingsworth Environmental, Inc., (hereinafter "Killingsworth-Ala") is an Alabama corporation doing business in the State of Alabama with offices in Mobile, Alabama, and was, at all times mentioned herein, conducting business as or in conjunction with Environmental Security, Inc., in Dothan, Houston County, Alabama.

3. **Fictitious Defendants.** Fictitious Defendants A, B, C, and D, being further identified as those persons or entities supervising, affiliated with, employed by, or in any manner associated with, any of the named defendants and who participated in, in any manner, whether

through direct actions, suppression, inaction, or concealment, the fraud perpetrated upon the Plaintiffs herein, whose specific identities and residence addresses are at this time unknown but who will be added by amendment upon discovery of their true names and identity.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over the parties to this action and subject matter jurisdiction over the claims made the basis of this action. Venue is proper in Houston County, Alabama pursuant to Alabama Code §6-3-1, et seq.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

5. The Plaintiff, owner of the house and lot located at 132 Princeton Drive, Dothan, Alabama, (hereinafter the "Property"), on or about September 4, 2001 entered into a contract with Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. for the performance of an initial treatment of the Property for the purpose of preventing infestation and damage from subterranean termites. At various times during the contract term with Defendants Environmental and/or Killingsworth, Defendants represented to Plaintiff, with the intention that Plaintiff rely thereon, that Defendants had performed, in accord with the minimum requirements of the laws and regulations of the State of Alabama and in compliance with the label directions of the chemical selected and utilized, an initial treatment of the Property for the purpose of preventing an infestation and resulting damage from subterranean termites.

6. Environmental and Killingsworth were, and at all times relevant to this Complaint have been, subject to statutory and regulatory requirements under Alabama law applying to the business conducted by both, including "structural pest control work". See generally Sections 2-28-1, et seq., Alabama Code, as amended.

7. The Alabama Department of Agriculture and Industries (the "Department") is

vested by statute with regulatory control and oversight of the pest control business here involved, and with rule-making powers to govern such business. The purpose of these regulations is "to prevent fraudulent practices in entomological work." Rule 80-10-9-.01 ("Purpose").

8. Acting pursuant to its statutory authority, the Department on April 19, 1982, adopted (among other rules) the provisions of Rule 80-10-9-.20 ("Minimum Treatment Requirements") which establish the minimum treatment requirements for the control and eradication of subterranean termites.

9. Plaintiff relied upon the representations of Defendants Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. in purchasing the initial treatment from Defendants.

**COUNT I**

**BREACH OF CONTRACT**

10. The preceding paragraphs 1-9 of this Complaint and any additional factual averments set forth in any subsequent portion of this Complaint are realleged and incorporated herein as if fully set out.

11. On or about October 10, 2001, Plaintiff purchased for valuable consideration an initial treatment of the Property for the purpose of protecting the same from infestation and damage from subterranean termites.

12. The subject matter of the above-referenced Contract, one relating to the current and future condition of the residence with regard to protection from infestation and damage by subterranean termites, is of such personal nature that Defendants could have, at the time of contracting, reasonably anticipated that a breach thereof would result in emotional distress damages.

13. Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. breached said

Contract by failing to properly and in compliance with the minimum requirements of the laws and regulations of the State of Alabama and with label directions of the chemical utilized treat the Plaintiff's Property for the prevention of infestation and damage from subterranean termites.

14. As a proximate result of the breach of contract by Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. as set out above, the Plaintiff suffered an infestation and damages from subterranean termites, including, but not limited to, a reduction in value of the property, loss of the benefit of and ability to obtain proper pre-treatment, a disruption of Plaintiff's life, loss of monies paid to Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. for services not rendered, loss of monies in the procurement of new treatment of the Property, and the interest thereon, and Plaintiff has been caused to suffer mental anguish and emotional distress and were otherwise caused to suffer damages.

15. Environmental's and/or Killingsworth-Fla.'s and/or Killingsworth-Ala.'s conduct in the concealment of its true actions was such that it made it impossible or impracticable for any mitigation of damages to occur on the part of the Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant, Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala., in a sum to be determined by a jury, which will fairly and adequately compensate each of the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the cost of this proceeding.

## COUNT II

## FRAUD - MISREPRESENTATION

16. The preceding paragraphs 1-15 of this Complaint and any additional factual averments set forth in any subsequent portion of this Complaint are realleged and incorporated

herein as if fully set out.

17. Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala., on and after October 10, 2001, represented to Plaintiff that Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. had performed, in a professional manner and in accordance with contractual terms, Alabama laws and regulations, and label directions, an initial treatment of the Property for the purpose of preventing an infestation and resulting damage from subterranean termites.

18. The representations of Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. with regard to the treatment of the Property for the purpose of protecting the future condition of the residence as it related to infestations and damage from subterranean termites were false and Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. knew they were false. The Plaintiff discovered the truth with regard to the Environmental's and/or Killingsworth-Fla.'s and/or Killingsworth-Ala.'s fraudulent misrepresentations when, upon attempting to renew the contract on or about October 9, 2002, Plaintiff was informed that Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. had no record that Plaintiff's Property had ever been treated and thereafter representatives of the Alabama Department of Agriculture completed an inspection of the Property for the purpose of evaluating the methods, mechanics, type and scope of treatment allegedly performed by Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala..

The actions of Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. were a part of a continuing scheme, pattern and practice of fraudulent conduct.

19. As a proximate result of the aforesaid fraud by Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala., Plaintiff has been caused to suffer substantial damages, including actual pecuniary loss, and great mental anguish as a result thereof.

WHEREFORE, Plaintiff demands judgment against Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. in a sum to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the cost of this proceeding. Further, Plaintiff request that the jury selected to hear this case render a verdict for Plaintiff and against Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. and that it award punitive damages to Plaintiff against Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. in an amount which will adequately reflect the enormity of the Environmental's and/or Killingsworth-Fla.'s and/or Killingsworth-Ala.'s wrongful act and which will effectively prevent other similar wrongful acts.

**COUNT III**

**FRAUDULENT SUPPRESSION**

20. The preceding paragraphs 1-19 of this Complaint and any additional factual averments set forth in any subsequent portions of this Complaint are realleged and incorporated herein as if fully set out.

21. On and after October 10, 2001, Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. made material misrepresentations to Plaintiff that Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. had performed, in a professional manner and in accordance with contractual terms, Alabama laws and regulations, and label directions, an initial treatment of the Property for the purpose of preventing an infestation and resulting damage from subterranean termites and issued to Plaintiff a renewable Contract providing a "Lifetime Subterranean Termite Warranty" for her use and reliance.

22. The above-referenced misrepresentations were false and Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. knew they were false. Environmental and/or

Killingsworth-Fla. and/or Killingsworth-Ala. never told Plaintiff that it had failed to perform the initial treatment of the Property in accordance with its contract and in compliance with the minimum requirements of the statutes and regulations of the State of Alabama.

23. Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. knew that the Plaintiff relied upon Environmental's and/or Killingsworth-Fla.'s and/or Killingsworth-Ala.'s representations with regard to the treatment of the Property for prevention of infestation and damage from subterranean termites. The Plaintiff relied on these representations to her detriment.

24. Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. knew that the facts comprising Environmental's and/or Killingsworth-Fla.'s and/or Killingsworth-Ala.'s representations were material and Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. had an obligation to disclose the true facts to the Plaintiff.

25. Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. created, fostered, induced and maintained through a position of superior knowledge, a reliance by Plaintiff on Defendants as being the expert, and a relationship in the nature of a relationship of trust. Such positions and relationships, together with statutorily and contractually created affirmative duties on the part of Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. to speak fully, truthfully and promptly to Plaintiff about all material facts. Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. breached its/their obligation to disclose material facts to the Plaintiff. The material facts suppressed and/or concealed by Defendants was/were done knowingly, intentionally, willfully, wantonly and/or with the intent to deceive the Plaintiff.

26. Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. engaged in patterns of conduct and practices which, on information and belief, were forced upon Plaintiff and upon other customers of Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. and

are fraudulent, and operated as a fraud, upon the Plaintiff.

27. The above-referenced representations and omissions were false and Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. knew that they were false. Plaintiff did not learn the truth about Environmental's and/or Killingsworth-Fla.'s and/or Killingsworth-Ala.'s failure to truthfully and adequately relate the methods, mechanics, type and scope of treatment of their home until on or after October 9, 2002, and did not learn that Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. was/were grossly deficient in performing the initial treatment under the contract until some time thereafter.

28. As a proximate result of the aforesaid suppression and/or concealment, the Plaintiff was induced to rely upon Environmental's and/or Killingsworth-Fla.'s and/or Killingsworth-Ala.'s representations in failing to obtain adequate treatment of the same for the protection of the residence against infestation and damage from subterranean termites. Plaintiff, had she had known of the facts that were concealed by Environmental and/or Killingsworth, would have obtained the treatment of the Property from a reputable pest control company for the protection of the same from subterranean termites. Plaintiff was caused to suffer substantial damage and great mental anguish as a result thereof.

WHEREFORE, Plaintiff demands judgment against Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. in a sum to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, Plaintiff request that the jury selected to hear this case render a verdict for Plaintiff and against Environmental and/or Killingsworth, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of Environmental's and/or Killingsworth-Fla.'s and/or Killingsworth-Ala.'s

wrongful act and will effectively prevent other similar wrongful acts.

**COUNT IV**

**NEGLIGENCE**

29. The preceding paragraphs 1 - 28 of this Complaint and any additional factual averments set forth in any subsequent portions of this Complaint are realleged and incorporated herein as if fully set out.

30. Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. had a duty to use reasonable care and competence in conducting the initial treatment of the Property of Plaintiff and for which the treatment and continuing warranty were requested.

31. Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. breached its/their duty by failing to properly treat the residence and/or by failing to inform the Plaintiff of Defendant's failure to comply with minimum statutory and regulatory requirements relating to the initial subterranean termite treatment. The breach of duty by Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. was done negligently, willfully, wantonly and/or recklessly.

32. As a proximate result of Environmental's and/or Killingsworth-Fla.'s and/or Killingsworth-Ala.'s negligent, willful, wanton and/or reckless failure to meet and perform its duty, Plaintiff was caused to suffer injuries to her Property and was otherwise damaged.

WHEREFORE, Plaintiff demands judgment against Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. in a sum to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against Environmental and/or Killingsworth, and that it award punitive damages to Plaintiff in an amount which will adequately

reflect the enormity of Environmental's and/or Killingsworth-Fla.'s and/or Killingsworth-Ala.'s wrongful act and will effectively prevent other similar wrongful acts.

## COUNT V

## FRAUDULENT MISREPRESENTATION AND SUPPRESSION

33. The preceding paragraphs of this Complaint and any additional factual averments set forth in any subsequent portions of this Complaint are realleged and incorporated herein as if fully set out.

34. On or about October 10, 2001, Tommy Morgan, individually and while acting within the apparent line and scope of his employment with Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. made material misrepresentations to Plaintiff that he had performed, in the course of his employment with Environmental and/or Killingsworth, and impliedly in compliance with Alabama's laws and regulations and the label directions of the chemical selected, an initial treatment of the Property for the purpose of preventing infestation and resulting damage to the Property from subterranean termites.

35. The above-referenced misrepresentations were false and Tommy Morgan, individually and while acting within the apparent or stated line and scope of his authority as the agent, servant or representative of Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala., knew they were false. Tommy Morgan never told Plaintiff that Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. had failed to perform the initial treatment of the residence in accordance with Environmental's and/or Killingsworth-Fla.'s and/or Killingsworth-Ala.'s contract and in compliance with the minimum requirements of the statutes and regulations of the State of Alabama.

36. Tommy Morgan knew that the Plaintiff relied upon his representations regarding the initial treatment for protection of the Property against infestation and damage from subterranean termites. The Plaintiff relied on these representations to her detriment.

37. Tommy Morgan knew that the facts comprising his representations were material and that he had an obligation, both in his individual capacity and as the agent, servant or representative of Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala., to disclose the true facts to the Plaintiff.

38. Tommy Morgan created, fostered, induced and maintained through a position of superior knowledge, a reliance by Plaintiff on Defendant as being the expert, and a relationship in the nature of a relationship of trust. Such positions and relationships, together with statutory and contractually created affirmative duties on the part of Tommy Morgan to speak fully, truthfully and promptly to Plaintiff about all material facts. Tommy Morgan breached his obligation to disclose material facts to the Plaintiff. The material facts suppressed and/or concealed by Defendant was done knowingly, intentionally, willfully, wantonly and/or with the intent to deceive the Plaintiff.

39. The above-referenced representations and omissions were false and Tommy Morgan knew that they were false. Plaintiff did not learn the truth about Morgan's failure to truthfully and adequately relate the condition of his home until on or after October 9, 2002.

40. As a proximate result of the aforesaid suppression and/or concealment, the Plaintiff was induced to rely upon the Defendant's representations without proper and adequate treatment of the Property for protection of the same from infestation and resulting damage from subterranean termites. Plaintiff, had she known of the facts that were concealed by Morgan and Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala., would have obtained a proper

treatment of the Property by a reputable pest control company and would not have paid the monies as charged by Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. Plaintiff was caused to suffer substantial damage and great mental anguish as a result thereof.

WHEREFORE, Plaintiff demands judgment against Tommy Morgan, individually and his capacity as the agent, servant or representative of Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala., in a sum to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, Plaintiff request that the jury selected to hear this case render a verdict for Plaintiff and against Tommy Morgan, individually and his capacity as the agent, servant or representative of Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala., and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of Tommy Morgan's wrongful act and will effectively prevent other similar wrongful acts.

**COUNT VI**

**(Deceptive and Unfair Trade Practices)**

41. The preceding paragraphs 1-41 of this Complaint and any additional factual averments set forth in any subsequent portions of this Complaint are realleged and incorporated herein as if fully set out.

42. Plaintiff is a consumer as that term is defined by §8-19-3 (2) Code of Alabama of 1975, as amended. Defendants, both named and fictitious, were, at all times material hereto offering for sale to Plaintiff, as a consumer, goods and services as those terms are defined in §8-19-3, Code of Alabama of 1975, as amended. This is an action against Defendants for violation of Alabama's Deceptive Trade Practices Act, §§ 8-9-1, et seq., Code of Alabama of 1975, as

amended.

43. Defendants engaged in unconscionable, false, misleading, or deceptive acts or practice in the conduct of the structural pest control business for the treatment of structures for the prevention of subterranean termite infestation and damage by failing, intentionally or otherwise, to apply in accord with the label directions, the minimum standards of the Alabama Department of Agriculture and the regulations and laws of the State of Alabama, proper chemicals in recommended amounts or strengths for the protection of Plaintiff's residence from infestation and damage from subterranean termites.

44. The actions of Defendants were representative of patterns of conduct and unconscionable, false, misleading, or deceptive acts or practices which, on information and belief, were forced upon Plaintiff and upon other customers of Defendants and are fraudulent, and were a violation of Alabama's Deceptive Trade Practices Act, §§ 8-9-1, et seq., Code of Alabama of 1975, as amended.

WHEREFORE, Plaintiff demands judgment against Defendants in a sum to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, the costs of this proceeding and such other and additional damages as may be available to the Plaintiff for the purpose of compensating the Plaintiff for the Defendants unconscionable, false, misleading, or deceptive acts or practices in violation of Alabama's Deceptive Trade Practices Act, §§ 8-9-1, et seq., Code of Alabama of 1975, as amended. Further, Plaintiff request that the jury selected to hear this case render a verdict for Plaintiff and against Defendants, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of Defendants' wrongful acts and will effectively prevent other similar wrongful acts.

## COUNT VII

## FRAUD - MISREPRESENTATION

45. The preceding paragraphs 1-44 of this Complaint and any additional factual averments set forth in any subsequent portion of this Complaint are realleged and incorporated herein as if fully set out.

46. Fictitious Defendants A, B, C, and D, were at all times relevant hereto charged with or assumed the responsibility of supervising Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala., or were otherwise affiliated with, employed by, or in some other manner associated with, Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala., and/or Morgan, and on and after October 10, 2001, represented or directed others to represent to Plaintiff that Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. had performed, in a professional manner and in accordance with contractual terms, Alabama laws and regulations, and label directions, an initial treatment of the Property for the purpose of preventing an infestation and resulting damage from subterranean termites.

47. The representations of Fictitious Defendants A, B, C, and D relating to the actions or activities of Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. with regard to the treatment of the Property for the purpose of protecting the future condition of the Property as it related to infestations and damage from subterranean termites were false and Fictitious Defendants A, B, C, and D knew they were false. The Plaintiff discovered the truth with regard to the fraudulent misrepresentations made by Fictitious Defendants A, B, C, and D after Plaintiff's completion of the purchase of the Property when, on or about October 9, 2002, when attempting to renew the Continuing Warranty, Plaintiff was advised that neither Environmental

and/or Killingsworth-Fla. and/or Killingsworth-Ala. had any record of having performed any treatment of the Plaintiff's Property and thereafter representatives of the Alabama Department of Agriculture completed and inspection of the Property for the purpose of evaluating the methods, mechanics, type and scope of the alleged treatment.

The actions of Fictitious Defendants A, B, C, and D were a part of a continuing scheme, pattern and practice of fraudulent conduct.

48. As a proximate result of the aforesaid fraud by Fictitious Defendants A, B, C, and D, Plaintiff has been caused to suffer substantial damages, including actual pecuniary loss, and great mental anguish as a result thereof.

WHEREFORE, Plaintiff demand judgment against Fictitious Defendants A, B, C, and D in a sum to be determined by a jury, which will fairly and adequately compensation the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the cost of this proceeding. Further, Plaintiff request that the jury selected to hear this case render a verdict for Plaintiff and against Fictitious Defendants A, B, C, and D and that it award punitive damages to Plaintiff against Fictitious Defendants A, B, C, and D in an amount which will adequately reflect the enormity of the Fictitious Defendants' wrongful act and which will effectively prevent other similar wrongful acts.

## COUNT VIII

## FRAUDULENT SUPPRESSION

49. The preceding paragraphs 1-48 of this Complaint and any additional factual averments set forth in any subsequent portions of this Complaint are realleged and incorporated herein as if fully set out.

50. On and after October 10, 2001, Fictitious Defendants A, B, C, and D made

material misrepresentations to Plaintiff that Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. had performed, in a professional manner and in accordance with contractual terms, Alabama laws and regulations, and label directions, an initial treatment of the Property for the purpose of preventing an infestation and resulting damage from subterranean termites and issued to Plaintiff a renewable Contract providing a "Lifetime Subterranean Termite Warranty" for her use and reliance.

51. The above-referenced misrepresentations were false and Fictitious Defendants, A, B, C, and D knew they were false. Fictitious Defendants, A, B, C, and D never told Plaintiff that Killingsworth and /or Environmental had failed to perform the initial treatment of the Property in accordance with its contract and in compliance with the minimum requirements of the statutes and regulations of the State of Alabama.

52. Fictitious Defendants, A, B, C, and D knew that the Plaintiff relied upon the Fictitious Defendants' representations with regard to the treatment of the Property for prevention of infestation and damage from subterranean termites. The Plaintiff relied on these representations to her detriment.

53. Fictitious Defendants, A, B, C, and D knew that the facts comprising the Fictitious Defendants' representations were material and Fictitious Defendants, A, B, C, and D had an obligation to disclose the true facts to the Plaintiff.

54. Fictitious Defendants, A, B, C, and D created, fostered, induced and maintained through a position of superior knowledge, a reliance by Plaintiff on Defendants as being the expert, and a relationship in the nature of a relationship of trust. Such positions and relationships, together with statutorily and contractually imposed and assumed duties, created affirmative duties on the part of Fictitious Defendants, A, B, C, and D to speak fully, truthfully and promptly

to Plaintiff about all material facts. Fictitious Defendants, A, B, C, and D breached their obligations to disclose material facts to the Plaintiff. The suppression and concealment of material facts by Defendants was done knowingly, intentionally, willfully, wantonly and/or with the intent to deceive the Plaintiff.

55. Fictitious Defendants, A, B, C, and D engaged in patterns of conduct and practices which, on information and belief, were forced upon Plaintiff and upon other customers of Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. and which are fraudulent, and operated as a fraud, upon the Plaintiff.

56. The above-referenced representations and omissions were false and Fictitious Defendants knew that they were false. Plaintiff did not learn the truth about Fictitious Defendants' failure to truthfully and adequately relate the methods, mechanics, type and scope of treatment of her property until on or after October 10, 2002, and did not learn that Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. was grossly deficient in performing the initial treatment under the contract until some time thereafter.

57. As a proximate result of the aforesaid suppression and/or concealment, the Plaintiff has been caused to suffer substantial damages, including actual pecuniary loss, and great mental anguish as a result thereof.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendants A, B, C, and D, in a sum to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against Fictitious Defendants A, B, C, and D and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of Fictitious Defendants' A, B,

C, and D wrongful act and will effectively prevent other similar wrongful acts.

**COUNT IX**

**NEGLIGENCE**

58. The preceding paragraphs 1 - 57 of this Complaint and any additional factual averments set forth in any subsequent portions of this Complaint are realleged and incorporated herein as if fully set out.

59. Fictitious Defendants A, B, C, and D had a duty to use reasonable care and competence in supervising the initial treatment of the residence which Plaintiff proposed to purchase and for which the pre-treatment and continuing warranty were requested.

60. Fictitious Defendants A, B, C, and D breached his/its/their duty by failing to properly supervise the treatment of the residence and/or by failing to inform the Plaintiff of Defendant Environmental's and/or Killingsworth-Fla.'s and/or Killingsworth-Ala.'s failure to comply with minimum statutory and regulatory requirements relating to the initial subterranean termite treatment. The breach of duty by Fictitious Defendant(s) A, B, C, and D was/were done negligently, willfully, wantonly and/or recklessly.

61. As a proximate result of the negligent, willful, wanton and/or reckless failure of Fictitious Defendant(s) A, B, C, and D to meet and perform his/its/their duty, Plaintiff was caused to suffer injuries and was otherwise damaged.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendant(s) A, B, C, and D in a sum to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against Fictitious Defendant(s) A, B, C, and D, and that it award punitive

damages to Plaintiff in an amount which will adequately reflect the enormity of Fictitious Defendant(s) A, B, C, and D's wrongful act and will effectively prevent other similar wrongful acts.

## COUNT X

## NEGLIGENCE

62. The preceding paragraphs 1 - 61 of this Complaint and any additional factual averments set forth in any subsequent portions of this Complaint are realleged and incorporated herein as if fully set out.

63. Defendant Tommy Morgan had a duty to use reasonable care and competence in performing and/or supervising the initial treatment of the Property residence which Plaintiffs proposed to construct and for which the pre-treatment and continuing warranty were requested.

64. Defendant Tommy Morgan breached his duty by failing to properly perform and/or supervise the pre-treatment of the residence and/or by failing to inform the Plaintiffs of Defendant Environmental and/or Killingsworth-Fla. and/or Killingsworth-Ala. failure to comply with minimum statutory and regulatory requirements relating to the initial subterranean termite treatment. The breach of duty by Defendant Tommy Morgan was done negligently, willfully, wantonly and/or recklessly.

65. As a proximate result of the negligent, willful, wanton and/or reckless failure of Defendant Tommy Morgan to meet and perform his duty, Plaintiffs were caused to suffer injuries and were otherwise damaged.

WHEREFORE, Plaintiffs demand judgment against Defendant Tommy Morgan in a sum to be determined by a jury, which will fairly and adequately compensate the Plaintiffs for injuries and damages sustained, together with interest from the date of injury, and the costs of this

proceeding. Further, Plaintiffs request that the jury selected to hear this case render a verdict for Plaintiffs and against Defendant Tommy Morgan and that it award punitive damages to Plaintiffs in an amount which will adequately reflect the enormity of Defendant Tommy Morgan's wrongful act and will effectively prevent other similar wrongful acts.

Buntin, Etheredge & Dowling LLC

Stephen T. Etheredge (ETH002)
Attorney for Plaintiff
P. O. Box 1193
Dothan, AL 36302
(334) 793-3377

**JURY DEMAND**

**Plaintiff demands trial by struck jury as to each and every issue raised in the initial complaint and the amended complaint as to each Defendant.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Amended Complaint was served by placing a copy of the same in the United States Mail properly addressed and postage prepaid on this the 10th day of June, 2003 to the following:

Paul A. Wilson
Litvak, Beasley & Wilson, LLP
SunTrust Tower, Suite 606
220 W. Garden Street
Pensacola, Florida 32501

Steadman Shealy
Cobb, Shealy and Crum
206 N. Lena Street
Dothan, AL 36303

Stephen T. Etheredge

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# PEST INSPECTION DAMAGE LIABILITY COVERAGE

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

SCHEDULE

LIMITS OF INSURANCE:

| | |
|---|---|
| Per Occurrence Pest Inspection Damage Limit | $300,000. |
| Aggregate Pest Inspection Damage Limit | $600,000. |
| Pest Inspection Damage Deductible | $1,000. Per "Occurrence" For Any One Person or Organization |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

A. The following is added to SECTION I - COVERAGES:

COVERAGE D - PEST INSPECTION LIABILITY COVERAGE

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "pest inspection damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "pest inspection damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in SECTION III — LIMITS OF INSURANCE; and
(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.

b. This insurance applies to "pest inspection damage" only if:

(1) The "pest inspection damage" is caused by an "occurrence" that takes place in the "coverage territory";
(2) The "pest inspection damage" occurs and is reported to us within 1 year (12 months) of the date of a "pest inspection" which took place during the policy period and in the course of the insured's business as a "pest" control operator or contractor; and
(3) Prior to the policy period, no insured listed under Paragraph 1. of SECTION II — WHO IS AN INSURED and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "pest inspection damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "pest inspection damage" occurred, then any continuation, change or resumption of such "pest inspection damage" during or after the policy period will be deemed to have been known prior to the policy period.